OPINION
{¶ 1} Russell Taylor pleaded guilty to fifth degree felony receiving stolen property in return for the State's dismissing a second count of fifth degree felony possession of criminal tools and the State's recommending Taylor's placement in the MonDay or Greene Leaf program. After receiving a presentence investigation report, the court sentenced Taylor to eleven months imprisonment, to be served consecutively to a recently imposed Montgomery County sentence. On appeal, Taylor asserts as error that the sentence "was excessive and contrary to law."
 {¶ 2} In support of his assignment, Taylor points to the absence of "more serious" factors — see R.C. 2929.12(B) — and the fact that he did not cause physical harm to any person — R.C. 2929.12(C)(3);2929.13(B)(1)(a). He claims his offense, for which he apologized, was a result of drug abuse for which he was seeking help, and there was no evidence that he threatened anyone with a deadly weapon or even possessed a weapon while committing the offense — R.C. 2929.13(B)(1)(i). Finally, he notes that the sentence was contrary to the State's recommended disposition, which he argues was more appropriate than a prison sentence.
 {¶ 3} Taylor does not contend that the trial court failed to make the required statutory findings required for imposing a greater than minimum sentence or for making the sentence consecutive to the Montgomery County sentence, and the record demonstrates that these findings were made.
 {¶ 4} As required by R.C. 2929.19(B)(2)(c), the court stated its reasons for consecutive sentencing as follows:
 {¶ 5} "The findings for these reasons[1] largely rest with the Defendant's prior criminal history and the Defendant's prior criminal history reflects on five separate occasions in two different counties the Defendant has been sentenced to terms of imprisonment.
 {¶ 6} "It's very apparent that those terms of imprisonment have not adjusted the Defendant's behavior and attitude toward the commission of crime and, again, for those reasons the Court finds that the Defendant's criminal history demonstrates consecutive sentences are needed to protect the public from future crime by the Defendant."
 {¶ 7} On this record, we find no basis for reversal.
 {¶ 8} The assignment of error is overruled.
 {¶ 9} The judgment will be affirmed.
Grady, J. and Donovan, J., concur.
[1] The court apparently meant to say "The reasons for these findings . . ."